UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SASA HASIC, et al.,

       Plaintiffs,

    v.

AURORA LOAN SERVICES LLC, et. al.,

       Defendants.
_____/

No. C 09-4056 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiffs Sasa Hasic and Zineta Hasic filed this action on September 1, 2009, against defendants Aurora Loan Services LLC; Quality Loan Service Corporation; Mortgage Electronic Registration Systems, Inc.; Financial Title Company; Ameribanc Corporation; and DOES 1 through 10, alleging claims under federal and state law.

    Also on September 1, 2009, plaintiffs filed an application for a temporary restraining order, seeking to prevent defendant Aurora Loan Services LLC ("Aurora"), its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them, from conducting a foreclosure sale of property located at 121 School Lane, Walnut Creek, California, 94597.  The court finds that the application for the TRO must be DENIED for failure to comply with Federal Rule of Civil Procedure 65 and the Civil Local Rules of this court.

    To date, plaintiffs have filed no proof of service of the summons and complaint on any defendant.  Nor have plaintiffs filed an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; or a written certification of the "efforts made to give service and the reasons why it should not be

required." Fed. R. Civ. P. 65(b).  While Mr. Gorson's declaration in support of plaintiffs' application for temporary restraining order does indicate that Mr. Gorson telephoned the offices of counsel for Aurora Loan Services to inform "lead counsel" that plaintiffs "intended to file a complaint against Aurora in Federal Court, and would also be seeking a temporary restraining order," this does not constitute sufficient proof of service of the *summons and complaint* upon Aurora.  Nor does Mr. Gorson's attendant statement that the Contra Costa County Sheriff's Department is "expected to post[]" a lockout notice at plaintiffs' home "at any time" sufficiently satisfy plaintiffs' requirements under Federal Rule of Civil Procedure 65(b).

The application for the TRO is further deficient because it was not accompanied by a proposed order in the form set forth in Civil Local Rule 65-1(c).

**IT IS SO ORDERED.**

Dated: September 3, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge